UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN ROBERT DEMOS, JR, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF WASHINGTON, <br><br> Defendant. | CASE NO. C22-489-RSM-BAT <br><br> **REPORT AND RECOMMENDATION** |

Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). In the current proposed action, plaintiff submits a "Request for the Issuance of a State Criminal Complaint" intended for the Washington State Supreme Court. Dkt. 1-1, at 1. In it, he cites state law as the source of criminal jurisdiction and to support his claim that Washington State senators have engaged in misappropriation of senate funds and committed bribery and blackmail. Dkt. 1-1, at 3. Although plaintiff refers to the United States Constitution and federal criminal law as "witnesses," he does not state facts that would suggest impropriety, a basis in federal law, or a personal stake in the outcome. Plaintiff has submitted an IFP application. Dkt. 1.

REPORT AND RECOMMENDATION - 1

As a bar order litigant, plaintiff may submit only **three** IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Furthermore, under 28 U.S.C. § 1915(g), plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had numerous prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

Plaintiff may not proceed with this action. Because plaintiff has had more than three prior actions dismissed as frivolous, malicious, or for failure to state a claim, he may not proceed *in formal pauperis* unless he alleges that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Demos*, MC99-113-JLW. Plaintiff's proposed complaint does not contain "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted). It also contains no federal claims and is patently frivolous.

The Court recommends **DENYING** plaintiff IFP status and **DISMISSING** the proposed complaint, Dkt. 1, without prejudice in accordance with 28 U.S.C. § 1915(g) and standing bar orders. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). A proposed Order is attached.

The Clerk should note the matter for **April 20, 2022**, as ready for the District Judge's immediate consideration.

REPORT AND RECOMMENDATION - 2

DATED this 20th day of April, 2022.

                                                                       _____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3